UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIDGET SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-150 |
| | § | |
| TLRA DEBT RECOVERY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Bridget Sparks ("Plaintiff") brings this action against Defendant CHRISTUS HEALTH d/b/a/ TLRA ("Defendant")[1] alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

Now pending before the Court is Defendant's Motion to Transfer Venue (Dkt. No. 8), whereby Defendant moves the Court to transfer this action to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404. Because the submission date has passed and Plaintiff has not filed a response, Defendant's motion is deemed unopposed. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The Court will nonetheless address the merits of Defendant's motion below.

---

[1]. Defendant was incorrectly named as TRLA Debt Recovery.

**I. Legal Standard**

A district court is authorized, "[f]or the convenience of the parties and witnesses, in the interest of justice," to transfer venue to any other district or division where the suit might have been brought. 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy[,] and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Whether transfer pursuant to § 1404(a) is proper is committed to the sound discretion of the trial court, which should determine the motion based on an "individualized case-by-case consideration of convenience and fairness." *Shoemake*, 233 F. Supp. 2d at 829 (citing *Stewart Org., Inc. v. Recoh Corp.*, 487 U.S. 22, 29 (1988)).

The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under § 1404(a), the movant must demonstrate that the balance of convenience and justice weighs in favor of transfer. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

**II. Analysis**

A threshold determination must first be made under § 1404(a) as to whether this action could have been filed in the judicial district to which transfer is sought. *In re Volkswagen*, 371 F.3d at 203; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

Here, it is undisputed that venue is proper in the Southern District of Texas. Defendant only seeks to transfer venue to another division within this district.

The Court must next determine whether transfer furthers the convenience of the parties and witnesses by addressing various factors, including (a) Plaintiff's choice of forum; (b) the availability and convenience of parties and witnesses; (c) the cost of obtaining witnesses and other trial expenses; (d) the availability of compulsory process; (e) the relative ease of access to sources of proof; (f) the place of the alleged wrong; and (g) the possibility of delay and prejudice. *In re Volkswagen*, 371 F.3d at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *In re Horseshoe*, 337 F.3d at 433. Here, Plaintiff concedes that Defendant's principal place of business is in Houston. (Compl., Dkt. No. 1 ¶ 4.) Defendant has also presented evidence that all actions related to Plaintiff's account occurred at Defendant's Houston call center. (Ney Aff., Dkt. No. 8, Ex. 1 ¶ 3.) Finally, at least three of Defendant's Houston-based employees will be key witnesses if this case goes to trial, and they will be required to incur additional expenses, including travel and possibly lodging, if this case remains in the Corpus Christi Division. (*Id.* ¶ 5.)

Plaintiff failed to file a timely response explaining why any of the factors set forth in *Volkswagen* weigh against transfer. Based on the arguments and evidence presented by Defendant, the Court finds that the balance of convenience and justice weighs in favor of transfer.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Transfer Venue (Dkt. No. 8) is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Houston Division.

ORDERED this 20th day of August, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE